UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TYRIECE S. FULLER, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-00112 (JAM) |
| | : | |
| v. | : | |
| | : | |
| JOHN SMIRGA, et al., | : | |
|     Defendants. | : | |
| | : | |

ORDER DISMISSING CASE
PURSUANT TO 28 U.S.C. § 1915A

    Plaintiff Tyriece S. Fuller is a Connecticut state prisoner who has filed a *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983 against numerous judges, prosecutors, defense attorneys, and police officers. He seeks money damages of $50 million. I will dismiss the complaint for multiple reasons. First, in the absence of any indication that the underlying prosecution about which plaintiff complains has terminated in his favor, plaintiff has no cognizable cause of action for money damages under § 1983. Second, all defendants are immune under the Eleventh Amendment from plaintiff's official-capacity claims. Third, the judges and prosecutors are immune as well under absolute immunity principles from plaintiff's personal-capacity claims. Finally, plaintiff's allegations do not suffice as a matter of law to hold the remaining defendants liable for conspiracy to engage in malicious prosecution.

**BACKGROUND**

    Defendants are two judges of the Connecticut Superior Court (John Blawie and Robert Devlin), three Connecticut state prosecutors (Ann Lawlor, Robert Satti, and John Smirga), two special public defenders (Miles Gerety and Frederick Ury), and several police officers (Detective David Edwards of the Connecticut State Police, Sergeant Jason Amato and Officer Everton

Walker of the Bridgeport Police Department, Officer Michael Paris of the Fairfield Police Department, and Detective Therina of the Stratford Police Department). All defendants are named in both their individual and official capacities. Plaintiff alleges that these defendants all conspired on specific dates in 2012 and 2014 to violate his civil rights under the Constitution,[1] and he alleges specific acts by each defendant as follows:

- Judge Blawie allegedly covered up evidence tampering and perjured testimony and would not permit the judicial marshals to call the police about an alleged assault and threats against plaintiff by Special Public Defender Gerety.

- Judge Devlin allegedly covered up fraudulent police reports, the fact that audio and video surveillance evidence had been tampered with, and the concealment of other evidence.

- Assistant State's Attorney Lawlor is named as a defendant but no specific acts are alleged to have been committed by her.

- Assistant State's Attorney Satti allegedly concealed evidence, knowingly used perjured testimony at trial, knowingly used evidence at trial that had been tampered with, and withheld evidence until plaintiff's criminal trial began, and then presented the evidence without notice.

- State's Attorney Smirga allegedly concealed evidence, covered up fraudulent police reports, tampered with audio and video evidence, withheld evidence until plaintiff's criminal trial began, and then presented the evidence at trial without notice.

- Special Public Defender Gerety allegedly assaulted plaintiff and threatened him not to testify, did not inform the judge that prosecution witnesses gave perjured testimony and that evidence was tampered with, concealed the fact that evidence was missing, covered up fraudulent police reports, and tampered with audio and video evidence.

---

[1] Plaintiff alleges official misconduct in connection with an alleged drug sale on July 31, 2012, and during multiple dates in 2012 and 2014. *See* Doc. #1 at 11. Records of the State of Connecticut Judicial Branch reflect that plaintiff was convicted on July 23, 2014, on six different narcotics and weapons charges arising from incidents on June 13 and July 31, 2012, and that he was sentenced on January 26, 2015, to multiple terms of imprisonment of between one and five years of imprisonment on each count. Criminal/Motor Vehicle Conviction Case Detail: Fuller Tyriece S, No. FBT-CR13-0271515-T, State of Connecticut Judicial Branch, http://www.jud2.ct.gov/crdockets/ DocketNoEntry.aspx?source=Disp (search for docket number "FBT-CR13-0271515-T") (last visited Mar. 2, 2015).

- Special Public Defender Ury allegedly removed pages from police reports, concealed the fact that audio and video evidence existed, concealed the fact that police reports existed for an alleged drug buy on July 31, 2012, covered up a fraudulent police report, and tampered with audio and video evidence.
- Connecticut State Police Detective Edwards allegedly tampered with audio and video surveillance evidence from a confidential informant, falsified police reports and a search warrant, and gave perjured evidence at plaintiff's criminal trial.
- Bridgeport Detective Amato allegedly tampered with audio and video surveillance as well as surveillance photographs, falsified police reports, and gave perjured testimony at plaintiff's criminal trial.
- Bridgeport Police Officer Walker allegedly falsified plaintiff's arrest warrant and gave perjured testimony at plaintiff's criminal trial.
- Fairfield Police Officer Paris allegedly falsified police reports, tampered with surveillance photographs, and gave perjured testimony at plaintiff's criminal trial.
- Stratford Police Officer Therina allegedly tampered with audio and video surveillance and surveillance photographs, falsified police reports, and gave perjured testimony at plaintiff's criminal trial.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014). Nevertheless, it is well established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v.*

3

*Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Even in light of the liberal pleadings rules that are afforded a *pro se* complaint, this action is subject to dismissal for multiple reasons. All of plaintiff's claims against defendants relate to criminal trial proceedings against plaintiff in the Connecticut Superior Court. It is a basic rule of our constitutional structure that federal district courts do not have roving jurisdiction to review matters that are pending in the state courts. *See Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (*per curiam*). Accordingly, it has long been clear that a federal § 1983 action may not do service for a direct appeal or habeas corpus petition to challenge the validity of a state criminal conviction. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. The facts in *Heck* involved allegations that are similar to the allegations plaintiff makes here—that prosecutors and an investigator had engaged in an arbitrary investigation, had destroyed evidence, and had caused the improper admission of evidence at trial. *Id.* at 479. The Supreme Court affirmed dismissal of the complaint in *Heck* on grounds that it failed to state a claim that is cognizable under § 1983.

Here, plaintiff does not allege that the prosecution against him ended in his favor or that

his convictions have been set aside. If a prisoner wishes to challenge official misconduct that led to his criminal conviction, the proper vehicle is by means of a direct appeal and/or petition for writ of habeas corpus in Connecticut state court rather than an action for money damages under § 1983. *See Wilkinson v. Dotson*, 544 U.S. 74, 78–82 (2005) (describing relationship between § 1983 actions and habeas corpus petitions). It follows that all of plaintiff's claims must be dismissed.

Even if I were to conclude that plaintiff's claim was not barred in its entirety by *Heck v. Humphrey*, I would dismiss them on other grounds. First, all of plaintiff's official-capacity claims for money damages are plainly barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003).

Second, plaintiff's personal-capacity claims against the judges are barred by absolute judicial immunity. *See generally Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*). No exception to judicial immunity applies, because the allegations against the judges relate to actions taken in their capacity as judges, rather than actions in their non-judicial capacity or actions taken in the complete absence of jurisdiction. *Id.* at 11–12.

Third, plaintiff's personal-capacity claims against the prosecutors are barred by absolute prosecutorial immunity. *See Flagler v. Trainor*, 663 F.3d 543, 546–47 (2d Cir. 2011) (absolute immunity "attaches to prosecutorial functions that are intimately associated with initiating or presenting the State's case"); *see also generally Van de Kamp v. Goldstein*, 555 U.S. 335 (2009); *Imbler v. Pachtman*, 424 U.S. 409 (1976). The complaint targets quintessentially trial-related actions by defendant prosecutors, rather than investigative or administrative tasks that might be subject to a lesser standard of immunity. *See Van de Kamp*, 555 U.S. at 342; *see also Teichmann*,

769 F.3d at 825–26 (absolute immunity to suit under § 1983 for judges and prosecutors alleged to have violated plaintiff's right to fair trial). Moreover, because the complaint contains no allegations at all as to State's Attorney Lawlor, plaintiff's claim against her is also subject to dismissal.

Finally, the remaining personal-capacity claims against special public defenders and police officers are similarly without merit. The complaint alleges in substance a conspiracy to engage in malicious prosecution but without a requisite allegation that the prosecution was terminated in plaintiff's favor. *See Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009) (*per curiam*). To the contrary, all indications are that the prosecution has ended unfavorably to plaintiff by means of a conviction and sentence of imprisonment that he is now serving.

## CONCLUSION

Based upon the Court's review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), the complaint is DISMISSED without prejudice to re-filing of claims against defendants who are not absolutely immune and upon a showing (if applicable) that the underlying prosecution has terminated in plaintiff's favor.

The Clerk is directed to enter judgment in favor of defendants and close this case.

**SO ORDERED**.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

Dated at Bridgeport, Connecticut, this 2nd day of March 2015.